**TUPUTALA SAGAPOLUTELE, ROY J.D. HALL, JR., and DOES I-VI, Plaintiffs**

**v.**

**SAGAPOLUTELE MALAEOLA ANTHONY (aka ANTHONY SAGAPOLUTELE), MATAKUA SAGAPOLUTELE, and the AMERICAN SAMOA GOVERNMENT OFFICE OF THE TERRITORIAL REGISTRAR, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 11-96

October 24, 1996

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and ATIULAGI, Associate Judge.

Counsel:      For Plaintiffs, Brian M. Thompson
For Defendants, Sagapolutele Malaeola Anthony and Matalua Sagapolutele, Togiola T.A. Tulafono
For Defendant Territorial Registrar, Henry W. Kappel, Assistant Attorney General

Order Denying Motion for Summary Judgment and Granting Motion to Dismiss:

## I. Introduction

On March 3, 1973, defendant American Samoa Government Office of the Territorial Registrar ("Registrar") registered title to approximately 19.52 acres of land known as "Olepa" ("Olepa land"), situated in the Village of Ili`ili, American Samoa, as individually owned land of Aigafealofani Faatafuna Sagapolutele ("Aigafealofani"). On September 28, 1976, Aigafealofani conveyed the Olepa land to his children, Vai F. Sagapolutele, Ta'afili F. Sagapolutele, Latea F. Sagapolutele, Tala`i F.

Sagapolutele, plaintiff Tuputala F. Sagapolutele ("Tuputala"), Pou F. Sagapolutele, Ausane F. Sagapolutele, and Ulualo F. Sagapolutele ("the children"), as tenants in common. However, on December 8, 1981, this court, citing procedural defects, set aside Aigafealofani's original title registration without prejudice to his subsequent offer of title registration of the Olepa land. *See* LT No. 55-78 (February 3, 1982)(amended order).

On April 23, 1982, Aigafealofani again offered the Olepa land for title registration. On May 24, 1982, members of the Sagapolutele family filed a timely objection to the registration with the Registrar. On March 15, 1993, the Registrar submitted the dispute to this court for judicial determination. However, on October 14, 1983, the court dismissed the action, LT Case No. 23-83, "for mootness because of the death of Aigafealofani Faatafuna Sagapolutele the senior matai of the Sagapolutele family."

On July 17, 1991, the children conveyed a portion of the Olepa land to plaintiff Roy J.D. Hall, Jr. ("Hall") as his individually owned land. On October 17, 1994, defendant Sagapolutele Malaeola Anthony ("Sagapolutele"), then and now sa'o of the Sagapolutele family, entered into a lease agreement with himself and his wife, defendant Matalua Sagapolutele ("Matalua"), for a portion of the Olepa land. The portions conveyed to Hall and leased to Sagapolutele and Matalua overlap. On December 6, 1994, Hall and the children objected to the proposed lease on the grounds that they respectively owned portions of the leased land as their individually owned land.

On March 20, 1996, after the Secretary of Samoan Affairs certified that the dispute was irreconcilable and the Land Commission recommended approval, the Governor approved the lease. Sagapolutele and Matalua proceeded with development of the leased portion. Then, June 25, 1996, Hall, Tuputala and unnamed persons similarly situated to Tuputala (collectively "plaintiffs") commenced this action to quiet title and enjoin activity on the leased portion by Sagapolutele and Matalua. Plaintiffs also sought to void and require the Registrar to "de-register" the lease.

We issued a temporary restraining order and, after a hearing, a preliminary injunction against Sagapolutele and Matalua pending determination of the parties' legal rights to the disputed property. Plaintiffs now move for summary judgment on the grounds that the Sagapolutele family's claims to the Olepa land as communal land were extinguished when they failed to renew their objections following the 1983 dismissal, and that Aigafeolafani thus acquired de facto title to the land as his individually owned land. The Registrar also moves to dismiss the cause of action against her for failure to state a claim upon which relief can be granted.

49

## III. Discussion

### A. Standard of Review

A motion for summary judgment, pursuant to T.C.R.C.P. 56, will be granted only if the moving party can demonstrate that there are no triable issues of fact. *Etimani v. Samoa Packing,* 19 A.S.R. 2d 1, 4 (1991); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 91 L. Ed. 2d 265, 276 (1986).

### B. Dismissals of Actions

Involuntary dismissals preclude revisiting a controversy when the court fails to otherwise indicate that the dismissal is "without prejudice," or when the dismissal operates as an adjudication on the merits. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2373 (1971 & Supp. 1994). For example, dismissals for lack of jurisdiction, improper venue, or failure to join a party will not prevent a party from raising the issues in the future because they do not address the merits of the underlying cause of action. *Id.*

The court dismissed LT No. 23-83, "for mootness because of the death of Aigafealofani Faatafuna Sagapolutele the senior matai of the Sagapolutele family". Plaintiffs allege that the court's order dismissing LT No. 23-83 constituted a "final order" that adjudicated the merits of the controversy.

We believe that the court's inartfully written order in LT No. 23-83 was primarily a response to the death of one party to the dispute, and not because the controversy was "moot." Because the death of one party, like lack of jurisdiction or improper venue, has nothing whatsoever to do with the *merits* of a case or controversy, we find that the court did not adjudicate the issues on the merits when LT No. 23-83 was dismissed.

Furthermore, since LT No. 23-83 constituted the sole objection to Aigafealofani's application for registration, the court was obliged by statute to direct the Registrar to register title to the Olepa land as Aigafealofani's individually owned land had the dismissal permanently snuffed out the Sagapolutele family's claims to the land as communal land. A.S.C.A. 37.0104(b) ("Upon adjudication of the matter by the High Court, the territorial registrar shall register the land as directed by the court."). The court's failure to direct the Registrar to register title to the land with Aigafealofani indicated that the involuntary dismissal would be "without prejudice."

50

Therefore, we conclude that on October 14, 1983, the court dismissed LT No. 23-83 without adjudicating the merits of the underlying land title controversy. Both Aigafealofani's offer of title for registration and the Sagapolutele family's objections were unaffected by the dismissal order.

■ Plaintiffs essentially argue that because the court's order of dismissal listed "Chiefs and Members of the Sagapolutele Family" as "Plaintiffs," that the Sagapolutele family had a burden, under T.C.R.C.P. Rule 60(b) to file another lawsuit within a reasonable time in order to preserve their objection. Plaintiffs fail to recognize that the language of the title registration statute does not require aggressive prosecution by an objector. A.S.C.A. 37.0101(b) states that "[n]o title to land shall be registered unless the registrar is satisfied that there is no conflicting claim thereto . . . ." Since the court's order did not adjudicate the merits of the issues in LT No. 23-83, the Sagapolutele family's objection remained on file with the Registrar. The existence of that objection, as a matter of law, precluded Aigafealofani from receiving a certificate of title registration for the Olepa land.

Because the 1982-83 dispute between Aigafealofani and the Sagapolutele family was never resolved, the validity of the children's 1991 conveyance of a portion of the Olepa land to Hall is uncertain. Significant triable issues of fact regarding title to the Olepa land remain. Thus, we will deny the motion for summary judgment.

## C. Defendant Registrar's Motion to Dismiss

Defendant Registrar has not wronged plaintiffs. The Registrar has steadfastly refused to register title when there was a "conflicting claim thereto." A.S.C.A. § 37.0101(b). The Registrar waited, and is currently waiting, for "adjudication of the matter by the Court." A.S.C.A. § 37.0104. While the Registrar may be a valuable witness for both parties in this dispute, plaintiffs have not stated a claim against the Registrar upon which relief can be granted. Thus, pursuant to T.C.R.C.P. Rule 12(b)(6), we will dismiss the cause of action against the Registrar.

## III. Order

For the foregoing reasons, plaintiffs' motion for summary judgment is denied, and the Registrar's motion to dismiss is granted.

It is so ordered.